UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: HENRY L. KLEIN                CIVIL ACTION

                                     NO. 21-183

                                     SECTION: "E" (5)

### ORDER

Before the Court is a Partial Motion to Dismiss pursuant to Federal Rule of Bankruptcy Procedure 8013 filed by Appellee Girod LoanCo, LLC ("Girod").[1]

Appellant is appealing two orders of the Bankruptcy Court: (1) an automatic stay imposed under 11 U.S.C. § 362(a) dated January 18, 2021,[2] and (2) a Bankruptcy Court Order dated January 19, 2021 holding in abeyance Appellant's objection to Girod's Proof of Claim.[3] Girod seeks a dismissal of the appeal of the second order.[4]

During a hearing on January 6, 2021 on Appellant's objection to Girod's Proof of Claim, the Bankruptcy Court ordered Appellant's objection to be held in abeyance until the Louisiana Supreme Court adjudicated or otherwise dealt with three pending writ applications filed on behalf of the Debtor Regina Heisler (the "Abeyance Order").[5] At the hearing, Appellant agreed with the Bankruptcy Court that his objection to Girod's Proof of Claim should be held in abeyance pending the Louisiana Supreme Court's consideration of related matters.[6] On January 19, 2021, the Bankruptcy Court signed the

---

[1] R. Doc. 35. Appellant Henry L. Klein opposes the motion. R. Doc. 38.
[2] R. Doc. 1-2.
[3] R. Doc. 1-3.
[4] R. Doc. 35-1 at 3.
[5] *In re: Regina Berglass Heisler*, No. 20-11509 (Bankr. E.D. La.) (herein referred to as the "*Heisler* Bankruptcy Action"), ECF. No. 163 at 22:17-27:11. Appellant had filed an objection to Girod's Proof of Claim in the Bankruptcy Court on November 20, 2020. *Heisler* Bankruptcy Action, ECF No. 116.
[6] R. Doc. 35-1. *See Heisler* Action, ECF No. 163 at 26:7-27:14.

Abeyance Order.[7] On January 20, 2021, the Louisiana Supreme Court denied all three certiorari writ applications.[8] On January 28, 2021, Appellant filed his appeal of the Abeyance Order in this Court.[9] On January 29, 2021, the Bankruptcy Court *sua sponte* set Appellant's objection to the Proof of Claim for a hearing—effectively vacating the Abeyance Order.[10]

Courts in the Fifth Circuit apply the "person aggrieved" test to determine a party's standing to appeal an order of a bankruptcy Court.[11] An appellant qualifies as a "person aggrieved" if he was "directly and adversely affected pecuniarily by the order of the bankruptcy court."[12] For the sake of judicial economy and efficiency, "prerequisites for being a 'party aggrieved' are attendance and objection at a bankruptcy court proceeding."[13] Appellant is not a person aggrieved for the purposes of this appeal. In fact, he agreed with the Bankruptcy's Court Abeyance Order:

> MR. KLEIN: So why not let the Supreme Court rule? Girod LoanCo –
> THE COURT: Well –
> MR. KLEIN: -- doesn't need money.
> THE COURT: The -- we've –
> MR. KLEIN: They're $111 million, billion.

---

[7] *Heisler* Action, ECF No. 174 ("After consideration of the filings, the record, the applicable legal authority, and the representations of counsel and parties in interest, IT IS ORDERED that the Objection to Girod's Claim is HELD IN ABEYANCE pending the Louisiana Supreme Court's ruling on the three (3) writs before it filed by the Debtor.").
[8] *Heisler* Bankruptcy Action, ECF No. 207. This notice included the January 20, 2021 writ denials by the Louisiana Supreme Court styled as *Regina B. Heisler vs. Girod LoanCo, LLC.* and under docket numbers 2020-CC-0624, 2020-CC-1130, and 2020-CC-1324.
[9] R. Doc. 1.
[10] *Heisler* Bankruptcy Action, ECF No. 189.
[11] *In re Coho Energy, Inc.*, 395 F.3d 198, 202 (5th Cir. 2004) (citing *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 210 n.18).
[12] *Id.* (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983). *See In re San Juan Hotel*, 809 F.2d 151, 154 (5th Cir. 1987) ("litigant qualifies as a 'person aggrieved' if the order diminishes his property, increases his burdens, or impairs his rights.").
[13] *In re Camp Arrowhead, Ltd.*, 451 B.R. 678, 693 (Bankr. W.D. Tex. Mar. 21, 2011) ("These requirements reflect the need for economy and efficiency in the bankruptcy system. If a party fails to appear at a hearing or object to a motion or proceeding, it cannot expect or implore the bankruptcy court to address the issues raised by the motion or proceeding for a second time.").

> THE COURT: Listen, we've already lifted the stay to allow the Louisiana Supreme Court to rule on all of these. So now I'm, I'm looking at your objection to Girod's claim and wondering why it shouldn't be stayed when the state court proceedings and the writs are going forward.
> MR. KLEIN: It, it should be stayed.
> THE COURT: All right. MR. KLEIN: I mean, Girod –
> THE COURT: That's perfect.
> MR. KLEIN: It should be stayed.
> THE COURT: Okay. I understand now. All right. Mr. Lockridge, do you have anything to say?
> MR. LOCKRIDGE: Your Honor, I don't, I don't have anything to, to add to that. I would -- a stay or a dismissal without prejudice to refiling after the Supreme Court rules would seem appropriate.
> THE COURT: Okay. What I'll do is I'll just hold the objection. You have filed -- Girod filed a response. It is a contested matter, but I'm going to hold it in abeyance pending the outcome of the various writs that are at the Supreme Court.
> MR. KLEIN: Thank you, your Honor.
> THE COURT: All right.[14]

Appellant lacks standing to appeal the Abeyance Order because he is not a person aggrieved.[15]

Under 28 U.S.C. § 158, this Court has the jurisdiction to hear appeals from "final judgments, orders, and decrees."[16] The Court cannot grant Appellant any relief on the Abeyance Order beyond what has already been granted by the Bankruptcy Court when it reinstated Appellant's objection to Girod's Proof of Claim. Because there is no live case or

---

[14] *Heisler* Action, ECF No. 163 at 26:7-27:14.
[15] On February 24, 2021, the Bankruptcy Court held oral argument on Appellant's underlying objection to the Proof of Claim. The Bankruptcy Court ultimately overruled the objection. *Heisler* Bankruptcy Action, ECF No. 222. On March 2, 2021, Appellant filed an *ex parte* motion to vacate the Bankruptcy Court's February 24, 2021 oral order. *Heisler* Bankruptcy Action, ECF No. 227. On March 24, 2021, the Bankruptcy Court granted Appellant's motion to vacate its ruling on the objection and to hold it in abeyance for a second time until the United States Supreme Court rules on Appellant's Petition for Certiorari. *Heisler* Bankruptcy Action, ECF No. 276 ("The Ex Parte Motion to Vacate Oral Ruling on Objection to Claim No. 3 of Girod Loanco, LLC is GRANTED and the Court will reinstate the objection to claim to claim no. 3."). The March 29, 2021 abeyance order is not currently on appeal.
[16] The Court may consider appeals of interlocutory orders and decrees, but only when leave of the court is granted.

controversy on which this Court may render effectual relief whatever, the appeal of the Abeyance Order must be dismissed as moot.[17]

**IT IS HEREBY ORDERED** that Girod LoanCo, LLC's Partial Motion to Dismiss[18] is **GRANTED**.[19] Appellant's appeal of the Bankruptcy Court Order dated January 19, 2021 holding in abeyance Appellant's objection to Girod's Proof of Claim is dismissed.

**New Orleans, Louisiana, this 10th day of May, 2021.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[17] *See In re Armstrong*, 292 B.R. 678, 685-86 (10th Cir. BAP 2003).
[18] R. Doc. 35.
[19] Because this is only a partial motion to dismiss, Appellant's appeal of the Bankruptcy Court's "Order Granting Relief from Automatic Stay" entered on January 19, 2021 remains pending before this Court. *See* R. Doc. 1.