UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: HENRY L. KLEIN | CIVIL ACTION |
| | NO. 21-183 |
| | SECTION: "E" (5) |

### ORDER

Before the Court is Appellant Henry Klein's motion[1] seeking a temporary restraining order and "such other relief as may be appropriate in law, equity or as authorized by 28 U.S.C. § 1651."[2]

Federal Rule of Civil Procedure 65 permits federal district courts to issue temporary restraining orders.[3] There are four pre-requisites for granting a temporary restraining order:

> '(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.'[4]

The movant bears the burden of satisfying these prerequisites.[5] Although the grant or denial of a temporary restraining order rests in the discretion of the trial court,[6] the Fifth Circuit has cautioned that a temporary restraining order is "an extraordinary remedy" which "should only be granted if the party seeking the injunction has 'clearly carried the

---

[1] R. Doc. 62.
[2] R. Doc. 62-1 at p. 1.
[3] *See* Fed. R. Civ. P. 65.
[4] *Liggins v. King*, No. CIV.A. 208CV227KSMTP, 2008 WL 4937820, at *1 (S.D. Miss. Nov. 14, 2008) (citing *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).
[5] *Id.* (citing *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).
[6] *Id. (citing Canal Auth. of State of Florida*, 489 F.2d at 572).

1

burden of persuasion' on all four requirements."[7] "As a result, '[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule.'"[8] "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria."[9]

The Court finds that Appellant has failed to bear his burden of satisfying the four prerequisites to obtaining a temporary restraining order under Rule 65.

**IT IS HEREBY ORDERED** that Appellant's motion for a temporary restraining order[10] is **DENIED**.

**New Orleans, Louisiana, this 9th day of August, 2021.**

                                            _____
                                                   **SUSIE MORGAN**
                                     **UNITED STATES DISTRICT JUDGE**

---

[7] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).
[8] *Id.* at 363-64 (quoting *Miss. Power & Light*, 760 F.2d at 621).
[9] *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990).
[10] R. Doc. 62.